UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILFORD WASHINGTON,

    Petitioner,

v.                                          CASE NO.  8:16-cv-1823-T-24 AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## O R D E R

Petitioner, proceeding pro-se, has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255.  The Court has undertaken an examination of the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that it plainly appears from the motion as well as the record of Petitioner's prior criminal proceedings,[1] that he is not entitled to relief and that the motion must be dismissed.  In view of that conclusion, the Court needs no response from Defendant or to conduct an evidentiary hearing.

Petitioner pled guilty to conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (count one), a substantive Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (count two), and carrying a firearm that was discharged in relation to a

---

[1] See case number 8:06-cr-428-T-24 EAJ.

crime of violence - the Hobbs Act conspiracy, as charged in count one and the substantive Hobbs Act robbery charged in count two- in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii) and 2. The Court later sentenced Petitioner to a term of imprisonment of 135 months as to count one and two, and a consecutive term of imprisonment of 120 months as to count three. Petitioner did not file a direct appeal. Petitioner now seeks relief under the auspices of § 2255 in which he claims that because his conviction on count three was based on 18 U.S.C. § 924(c)(3)(B)'s residual clause, and because that clause is unconstitutionally vague, his conviction as to count three was imposed in violation of due process and was a miscarriage of justice. Petitioner's claim for relief rests on the decision in Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that the residual cause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 578 U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).[2]

After careful consideration, the Court concludes that Johnson affords Petitioner no collateral relief with regard to the conviction and sentence imposed in count three. First, Johnson did not address the statute under which Petitioner was convicted. Instead,

---

[2] Petitioner alleges two other grounds in his 2255 petition, but those grounds are clearly time-barred under the provisions of 28 U.S.C. § 2255(f)(1). As the record in his underlying criminal case reflects, Petitioner was sentenced on March 30, 2007, and he did not appeal. In this case, his § 2255 motion was signed on June 23, 2016.

Johnson ruled on the constitutionality of the residual clause of the ACCA. Second, the Eleventh Circuit Court of Appeals, as well as a number of district courts, has held that a Hobbs Act robbery constitutes a crime of violence under the use of force clause of § 924(c)(3)(A); thus, Petitioner's conviction under § 924(c)(3)(A) is valid regardless of whether the residual clause of § 924(c)(3)(B) is unconstitutional in light of Johnson. This Court finds persuasive the cases cited by the court in United States v. McCallister, 2016 WL 3072237, at *7 (D. D.C. May 31, 2016), in which the court determined that a Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A), the force clause.  As the McCallister court observed, "[t]he determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in Johnson."  McCallister, 2016 WL 3072237, at *7 (citations and footnote omitted); see also United States v. Crawford, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) (observing that "since Johnson was decided in June 2015, over a dozen district courts . . . have unanimously held that Hobbs Act robbery is a crime of violence under the force clause") (citations omitted).  Furthermore, a panel of the Eleventh Circuit Court of Appeals, in the case of In re Saint Fleur, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), denied an application to file a second or successive motion to vacate after determining that the applicant's Hobbs Act robbery conviction qualified as a crime of violence under the use-of-force clause, § 924(c)(3)(A); thus, the petitioner's § 924(c) conviction was valid regardless of whether Johnson invalidates the § 924(c)(3)(B)

residual clause.  See also In re: William Pava, No. 16-13014-J (11th Cir. June 22, 2016) filed at docket 125 in case number 8:07-cr-289-T-24 AEP (Middle District of Florida); In re: Andre King, No.16-13097-J (11th Cir. June 28, 2016) filed at docket 66 in case number 8:12-cr-25-T-24 AAS (Middle District of Florida).

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate (Dkt. 1) is **DISMISSED**.  The Clerk is directed to enter judgment for the United States and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on July 22, 2016.

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Counsel of Record
Pro se Petitioner