UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILFORD WASHINGTON,

    Petitioner,

v.                                                                                         Case No.  8:16-cv-1823-T-24 AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner Washington's request for a Certificate of Appealability ("COA") (Doc. No. 11) regarding this Court's Order denying his § 2255 motion (Doc. No. 8) and Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 13).  As explained below, both motions are **DENIED**.

**I.  Background**

Petitioner pled guilty to conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (count one), a substantive Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (count two), and carrying a firearm that was discharged in relation to a crime of violence - the Hobbs Act conspiracy, as charged in count one and the substantive Hobbs Act robbery charged in count two- in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii) and 2.  He filed a § 2255 motion seeking relief under Johnson v. United States, 135 S.Ct. 2551 (2015), which this Court denied, because Johnson did not address the statute under which Petitioner was convicted.

**II.  Request for COA**

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances. Specifically, he seeks a COA in order to appeal this Court's conclusion that he cannot seek relief under Johnson, because a Hobbs Act robbery constitutes a crime of violence under the use of force clause of § 924(c)(3)(A). See In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016). Accordingly, the Court finds that a COA is not warranted.

### III. IFP Motion

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be pursued in forma pauperis if the district court certifies in writing that it is not taken in good faith. Given this Court's conclusion that Petitioner's appeal has no merit, the Court hereby certifies that the appeal is not taken in good faith. As such, Petitioner's request to appeal in forma pauperis is denied.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Petitioner's request for a COA (Doc. No. 11) is **DENIED**.

(2)   Petitioner's Motion to Proceed IFP (Doc. No. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of October, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record